# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ARTHUR MONK,                    )
                                )
      Petitioner,          )
                                )
vs.                             )   Case No.   13-0750-CV-W-ODS-P
                                )
MICHAEL BOWERSOX,               )
                                )
      Respondent.         )

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the South Central Correctional Center in Licking, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2011 conviction and sentence for second-degree robbery, which was entered in the Circuit Court of Buchanan County, Missouri. Petitioner's conviction was affirmed on direct appeal (Respondent's Exhibit E; State v. Monk, 331 S.W.3d 720 (Mo. Ct. App. 2011)), and the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was upheld on appeal thereof (Respondent's Exhibit I). Petitioner raises four (4) grounds for relief. Respondent contends that Grounds One and Four are procedurally defaulted and, alternatively, are without merit and that Grounds Two and Three are without merit.

## GROUND ONE

In Ground One, petitioner contends that the trial court violated petitioner's right to counsel when it allowed him to represent himself and that his waiver of counsel was not

voluntary, unequivocal, knowing, and intelligent. Doc. No. 1, p. 20. Respondent contends that petitioner procedurally defaulted Ground One because petitioner's argument based on waiver of counsel was not raised during trial or in a motion for new trial. Doc. No. 10, pp. 6-7. Respondent further contends that the plain error review of Ground One by the Missouri Court of Appeals did not cure petitioner's procedural default. Doc. No. 10, pp. 7-13. Alternatively, respondent argues that Ground One is without merit. Doc. No. 10, pp. 13-16.

Currently, there is a split within the Eighth Circuit with respect to plain error review and procedural bar. One line of cases stands for the proposition that "a properly limited plain error review by a state court does not cure a procedural default." See, e.g., Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). Another line of cases holds that, when a state court conducts a plain error review, we may also review for plain error. See, e.g., Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997), cert. denied 522 U.S. 873 (1997); Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997); cert. denied, 523 U.S. 1010 (1998). Because of this split in circuit authority, the Court is free to choose which line of cases to follow. See Sweet, 125 F.3d at 1152. In this case, as in Hornbuckle and Sweet, the Court will review Ground 1 for plain error, because the state court appears to have done so.[1]

The Missouri Court of Appeals found the claim to be without merit:

---

[1] An issue that receives plain-error review on direct appeal in state court is not procedurally barred from review under the AEDPA. James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999); cert. denied, 528 U.S. 1143 (2000).

Section 600.051 provides that the trial court may permit a waiver of counsel to be filed in any criminal case if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel *and the waiver is signed before and witnessed by the judge or clerk of the court*. The waiver, which is to be read by or to the defendant, is to contain information regarding the nature of the offense, the right to jury trial, the range of punishment, and the right to appointed counsel if the defendant cannot afford to hire counsel. Here, [petitioner]'s waiver of the right to assistance of counsel was conducted on the record. There was no written waiver signed by [petitioner] as required by section 600.051.

    Section 600.051 is inapplicable, however, to cases where the defendant has the benefit of "hybrid representation where an attorney is present at trial to assist [a] defendant who insisted on representing himself [because the situation] is not a waiver of counsel but, on the contrary, is utilization of the assistance of counsel." State v. harper, 637 S.W.2d 170, 173 (Mo. App. E.D. 1982); see also State v. Hunter, 840 S.W.2d 850, 860 (Mo. banc 1992); State v. Roper, 268 S.W.3d 392, 399 (Mo. App. W.D. 2008); State v. Clay, 11 S.W.3d 706, 712 (Mo. App. W.D. 1999). "Where this kind of hybrid representation is provided, defects in the waiver of counsel are not grounds for reversal." State v. McGee, 781 S.W.2d 161, 162 (Mo. App. E.D. 1989).

    Here, it is undisputed that [petitioner] was afforded standby counsel. Thus, any alleged defects in his waiver of counsel are not grounds for reversal.

Respondent's Exhibit E, pp. 8-9.

The state court's determination is reasonable and is entitled to deference. 28 U.S.C. § 2254(d). A waiver of counsel will be found to be knowing, voluntary and intelligent if "the record shows either that the court adequately warned him or that, under all the circumstances, he knew and understood the dangers and disadvantages of self representation." United States v. Patterson, 140 F.3d 767, 774-75 (8th Cir. 1998). The record shows petitioner was aware of the charges against him and of the consequences of proceeding pro se. Resp. Ex. A, pp. 4-6, Resp. Ex. J, p. 21. While petitioner asked

questions of the trial court, he decided that he wanted to proceed with standby counsel. Resp. Ex. A, pp. 8-9.

The resolution of petitioner's ground for relief by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1) and (2); Mo. Rev. Stat § 558.021(1)(3). Ground One will be denied.

## **GROUND TWO**

In Ground Two, petitioner contends that trial counsel was ineffective for failing to inform petitioner of the consequences of proceeding pro se. Doc. No. 1, pp. 9-10. The Missouri Court of Appeals, Western District, denied Ground Two as follows:

> First, [petitioner] does not cite to any authority, nor have we found any, that imposes a duty upon trial *counsel* to advise a criminal defendant on the dangers of self-representation. Rather, it is the trial *court's* responsibility when determining whether a defendant should represent himself to "advise the defendant of the dangers and disadvantages of self-representation." State v. Davis. 934 S.W.2d 331, 334 (Mo. App. E.D. 1996). See § 600.051.1. Thus, [petitioner]'s claim of ineffective assistance of *counsel* as to a failure of advising him of the "dangers and disadvantages of self-representation" is misplaced.
> …
> And even assuming, *arguendo*, that [petitioner]'s trial *counsel* was obligated to advise him of the dangers of self-representation, [petitioner] has failed to show he is entitled to relief. The motion court found that [petitioner]'s claim was not supported by the evidence, citing [the attorney]'s testimony that she explained to [petitioner] why it was a poor decision to represent himself. 'At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witness and is free to believe or

4

disbelieve the testimony of any witness. . . .' Ferguson v. State, 325 S.W.3d 400, 412 (Mo. App. W.D. 2010) (internal quotation omitted). Though [petitioner]'s testimony of his conversations conflict with the testimony of [the attorney], the motion court reviewed the conflicting testimony and resolved the conflict in favor of [the attorney]'s version of events in her testimony. We conclude that the motion court did not clearly err in finding that [petitioner]'s trial counsel did not provide ineffective assistance and in denying [petitioner]'s amended Rule 29.15 on the issue

Respondent's Exhibit I, pp. 10-11.

The Supreme Court held that when a duty to give advice exists, total failure to advise is deficient performance. Padilla v. Kentucky, 599 U.S. 356, 367 (2010). Trial counsel gave petitioner substantial advice about the risks of proceeding pro se: she warned petitioner it would be a poor idea (Resp. Ex. J, p. 21), she explained that the state would be represented by a prosecutor with a law license (Resp. Ex. J, p. 21), and she explained the plea offer by the state, including the additional jail time the state would seek if the offer were rejected (Resp. Ex. K, p. 7). Such advice is not deficient performance; therefore, the state court's determination is reasonable and is entitled to deference. 28 U.S.C. § 2254(d). Ground Two will be denied.

**GROUND THREE**

In Ground Three, petitioner asserts that his appellate counsel was ineffective for failing to assert a claim of plain error in regard to petitioner's waiver of his right to trial by jury. Doc. 1, p. 16. Respondent argues that petitioner waived his right to a jury trial in open court and on the record; therefore, appellate counsel cannot be faulted for failing to assert a meritless claim. Doc. 10, p. 20. In responding to this claim, the Missouri Court

5

of Appeals, Western District, held that:

> In <u>Baxter</u>, our Missouri Supreme Court concluded that where the defendant was present in the courtroom when trial counsel orally waived defendant's right to a jury trial on the record without objection from defendant, those circumstances were sufficient to demonstrate a record with 'enough clarity' and 'unmistakable' substantiation of the jury trial waiver. [<u>State v. Baxter</u>, 204 S.W.3d 650], 654-55.
> Here, the trial court did far more than the court in <u>Baxter</u>. First, the trial court made direct inquiry of [petitioner] as to his request to waive his right to a trial by jury and submit the case to the trial court. Second, the trial court specifically explained to [petitioner] that his jury trial waiver meant that the trial judge, not the jury, would decide the question of his guilt; further, the trial court then asked [petitioner] if he understood precisely that scenario and [petitioner] unequivocally responded in the affirmative and again stated that that was precisely what he was asking for. Given our Supreme Court's ruling in <u>Baxter</u>, the record before us demonstrates with 'unmistakable clarity' that [petitioner] knowingly, voluntarily, and intelligently waived his right to a jury trial.

Respondent's Exhibit I, p. 15

In order to succeed on his claim of ineffective assistance of counsel, petitioner must prove both that: (1) his counsel's performance was objectively unreasonable, and (2) that he was prejudiced as a result of his counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Courts reviewing counsel's performance must be "'highly deferential' in assessing whether counsel's course of conduct could be considered a sound trial strategy rather than an error, and must 'indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" <u>Id</u>.

To demonstrate prejudice, petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

6

different.  Harrington v. Richter, 131 S. Ct. 770, 787. (2011).  Petitioner waived his right to a jury trial in open court and on the record.  Appellate counsel cannot be faulted for failing to assert a claim that has no merit.  Resp. Ex. F, p.56.  Because the state court's determination that appellate counsel was not ineffective was not based upon "unreasonable determination[s] of the facts in light of the evidence" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1) and (2), Ground Three will be denied.

## GROUND FOUR

In Ground Four, petitioner asserts that the trial court erred by allowing evidence in violation of petitioner's right to confront witnesses.  Doc. No. 1, p. 36.  Respondent argues petitioner procedurally defaulted Ground Four by failing to preserve the claim at trial or to raise it for plain error on direct appeal.  Doc. No. 10, pp. 25-7.  Respondent alternatively argues that the state court's ex grata rejection of the claim is entitled to deference and that the claim is meritless.  Doc. No. 10, pp. 27-9

Petitioner procedurally defaulted Ground Four by failing to assert the claim on direct appeal.  See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).  The state court concluded that petitioner had not followed Missouri procedural law, holding:

> 'Rule 29.15 is not a substitute for direct appeal.'  Tisius v. State, 183

> S.W.3d 207, 212 (Mo. banc 2006). 'If a claim "was apparent at trial, then it is an issue for direct appeal, not a Rule 29.15 proceeding." Melillo v. State, 380 S.W.3d 617, 621 (Mo. App. S.D. 2012) (quoting Tisius, 183 S.W.3d at 212). 'Constitutional claims must be made at the first opportunity.'[State v.] Baxter, 204 S.W.3d [650,] 617 [(Mo. banc 2006)] (citing State v. Hatton, 918 S.W.2d 790, 795 (Mo. banc 1996)). 'Even constitutional claims that could have been appealed are not grounds for [post conviction relief] unless fundamental fairness so requires, and then, only in rare and exceptional circumstances.' Melillo, 380 S.W.3d at 621 (citing Tisius, 183 S.W.3d at 212; State v. Tolliver, 839 S.W.2d 296, 298 (Mo. banc 1992); Glaviano v. State, 298 S.W.3d 112, 114 (Mo. App. W.D. 2009)). 'Circumstances known by a movant during trial are not "rare and exceptional." Id. A claim involving allegedly improper admission of evidence was apparent at trial and could have been raised on direct appeal.
>
> While [petitioner] acknowledges that claims of *trial court* error are not cognizable in a Rule 29.15 proceeding, he nevertheless contends that his Rule 29.15 motion was his first opportunity to raise his claim of a constitutional violation, and thus, the prohibition should not apply. He argues that it was not his fault that he did not raise the constitutional violation at trial and did not preserve it for appeal because his standby counsel did not inform him of the proper objections to make. However, a '[d]efendant cannot adamantly waive his right to trial counsel and then complain that [standby] counsel failed to actively participate at trial.' [State v.] Davis, 867 S.W.3d [539,] 546 [(Mo. App. W.D. 1996)]. And, even if the constitutional issue was not preserved at trial, [petitioner] could have, and should have, raised this issue in his direct appeal, seeking plain error review. He did not. [Petitioner]'s failure to assert this claim on direct appeal is not the product of 'rare and exceptional circumstances' justifying Rule 29.15 review of this alleged *trial court* error claim.

Respondent's Exhibit I, pp. 15-17.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to demonstrate legally sufficient cause for his state procedural default.

8

Petitioner also has failed to show that he is "probably actually innocent" of the crime for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). Therefore, further review of petitioner's claims is not required to prevent a fundamental miscarriage of justice.

Even if petitioner's claim was not procedurally barred, it would still fail the harmless error test. The Supreme Court held that Confrontation Clause violations are subject to a harmless error test. Chapman v. California, 386 U.S. 18, 23-24 (1967). Errors are harmless "only if there could be no reasonable doubt that the error's admission failed to contribute to the jury's verdict." United States v. Chapman, 356 F.3d 843, 846 (8th Cir. 2004). The Missouri Court of Appeals' ex grata rejection of the claim held:

> The Confrontation Clause argument made by [petitioner] relates to a witness (the convenience store clerk) that the trial court did *not* place principal reliance upon in convicting [petitioner]. Instead, the trial court expressed that its conviction was primarily based upon the testimony of [petitioner]'s girlfriend and her recitals of [petitioner]'s admissions to her about the robbery, the testimony of [petitioner]'s accomplice (Mollet) implicating [petitioner] in the robbery, and the surveillance video from the convenience store. Thus, even if there was error in admitting additional hearsay evidence that constituted duplicative evidence implicating [petitioner] in the crime, its admission was harmless error, and [petitioner] would not be entitled to any appellate relief.

Resp. Ex. I, p. 17.

The trial court's primary reliance on evidence other than the testimony of the convenience store clerk leaves "no reasonable doubt that the error's admission failed to contribute to the jury's verdict." Chapman, 356 F.3d at 846. The state court's determinations were not based upon "unreasonable determination[s] of the facts in light

of the evidence" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2). Therefore, Ground Four will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Ortrie D. Smith  
ORTRIE D. SMITH  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 13, 2013.